UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES E. HOLT,

    Plaintiff,

    v.

Civil Action 2:12-cv-424
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

DARRYL O. PARKER, *et al.*,

    Defendants.


## REPORT AND RECOMMENDATION

Plaintiff, James E. Holt, who is proceeding without the assistance of counsel, brings this action against Darryl Parker, his former counsel who represented him in an a discrimination action, *Holt v. State of Ohio*, No. 2:05-cv-894 (S.D. Ohio) (the "894 Case"). He alleges that attorney Parker committed malpractice and perjury. He also names the attorneys for the defendants in the 894 Case, Julie Pfeiffer, Drew Piersall, Susan Sullivan, Stephanie Pestello-Sharf, and Paula Luna Paolette, alleging that these attorneys also committed perjury. It appears that Plaintiff is further alleging that the purported actions of these Defendants violated his due process rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's purported

federal causes of action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**.

## I.

Plaintiff filed the 894 Case in September 2005, asserting age discrimination claims arising from his discharge from the Ohio Department of Youth Services.[1] In January 2008, the Court granted the defendants' motion for summary judgment, prompting the Clerk to enter judgment in favor of the defendants. Plaintiff's attorney, Parker, withdrew as counsel and Plaintiff filed his appeal *pro se*. The Court of Appeals for the Sixth Circuit upheld the Court's entry of summary judgment.

In this instant action, Plaintiff asserts claims against attorney Parker, arising from his representation of Plaintiff in the 894 Case. Plaintiff alleges that Parker "sabatoged" his case, "refuse[d] to appeal," and refused to give Plaintiff his legal files so that he could utilize those files to appeal. (Compl. 4, ECF No. 1-2.) According to Plaintiff, he obtained his legal files from attorney Parker only after the Supreme Court of Ohio's Disciplinary Counsel ordered Parker to give the files to him in March 2012. Plaintiff alleges that in reviewing these files, he discovered that Parker and the attorneys for the defendants in the 894 Case lied to the Court. He further alleges that the contents of the file demonstrate that his right to due process was violated and also that his union contract was violated. In terms of relief, he seeks an award of retirement benefits. In the event that the Court denies him retirement benefits, he requests appointment of

---

[1] The Court takes judicial notice, pursuant to Rule 201(c) of the Federal Rules of Evidence, of the proceedings in the 894 Case. This Court's proceedings, which are a matter of public record, satisfy Rule 201(b)'s criteria for the Court to take judicial notice. Fed. R. Evid. 201.

2

an attorney.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> &ast; &ast; &ast;
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard

---

[2]Formerly 28 U.S.C. § 1915(d).

3

does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

The undersigned concludes that Plaintiff has failed to state a plausible federal claim. As best the Court can discern, Plaintiff seeks to bring a federal due process claim and federal perjury claims. The undersigned recommends dismissal of the due process claim because beyond declaring that his due process rights were violated, Plaintiff offers no factual support. *See Cook v. Cleveland State Univ.,* 13. F. App'x 320, 322 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175–76 (6th Cir. 1996) (affirming trial court's dismissal of the plaintiff's substantive and procedural due process claims because they were "conclusory and unsupported

4

by any facts or evidence"). The undersigned likewise recommends dismissal of Plaintiff's civil perjury claims. First, there is no cognizable civil cause of action for perjury. *See Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 n.5 (6th Cir. 2003) (noting that 18 U.S.C. § 1621, the federal criminal perjury statute, "is inapposite" to a civil action); *Brown v. J.P. Morgan Chase Bank*, No. 12-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (concluding that "18 U.S.C. § 1621 does not confer jurisdiction on this Court"); *Young v. City of Columbus*, No. 2:04-cv-673, 2007 WL 107777, at *9 (S.D. Ohio Jan. 9, 2007) (noting that perjury is a criminal offense and that the plaintiff could not bring a civil claim for perjury because Ohio law does not recognize a civil cause of action for perjury). Second, even if perjury was a cognizable civil claim, Plaintiff has not alleged any facts, beyond mere conclusory allegations, that would permit the Court to infer that Defendants committed perjury.

Because the undersigned recommends dismissal of all of Plaintiff's federal claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law breach of contract and malpractice claims.

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff, on his Civil Cover Sheet, identified federal question jurisdiction as the only

basis for subject matter jurisdiction. (*See* ECF No. 1-1.) Consistently, he indicated that both he and Defendants are citizens of Ohio. Thus, Plaintiff cannot invoke diversity jurisdiction, and jurisdiction is only appropriate under § 1331, the federal question jurisdiction statute.

Dismissal of Plaintiff's federal claims would not divest this Court of subject-matter jurisdiction. Instead, when a federal court dismisses "all claims over which it has original jurisdiction," it must then exercise its discretion to determine whether to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations marks and citation omitted). Accordingly, it is recommended that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.

In sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: June 29, 2012                              /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge