# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

James E. Holt,

    Plaintiff,

v.

Darryl O. Parker, *et al.*,

    Defendants.

Case No. 2:12-cv-424

Judge Michael H. Watson

## OPINION AND ORDER

James E. Holt ("Plaintiff") sues his former attorney, Darryl O. Parker ("Parker") and others, *pro se*, on various federal and state law causes of action stemming from Parker's representation of Plaintiff in a prior lawsuit. Magistrate Judge Elizabeth Preston Deavers issued a Report and Recommendation, recommending the Court dismiss Plaintiff's purported federal claims for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Report Recom. 1–2, ECF No. 4. Plaintiff filed timely objections. Obj., ECF No. 6. For the following reasons, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Plaintiff's claims.

## I. FACTS

Parker represented Plaintiff in a prior lawsuit in this Court, case no. 2:05-cv-894 (the "2005 suit"). Plaintiff also sues Julie Pfeiffer, Drew Piersall, Susan Sullivan, Stephanie Pestello-Sharf, and Paula Luna Paoletti, attorneys for the defendants in the 2005 suit. Plaintiff and all Defendants are citizens of Ohio.

In the 2005 suit, Plaintiff initially sued various entities based on Plaintiff's

discharge from the Ohio Department of Youth Services.[1] Parker first brought the action on Holt's behalf on multiple grounds but later filed an amended Complaint to sue only various officials in their individual capacities for age discrimination.[2]

Plaintiff alleges that at some point in the litigation, Parker began working with Defendants to sabotage his case. *Id.* He further avers Parker refused to appeal Magistrate Judge Kemp's grant of summary judgment,[3] withdrew from the case, and refused to return Plaintiff's files.[4] Further, based on Plaintiff's review of the files—which he received pursuant to an Order from the Supreme Court of Ohio's Disciplinary Counsel—Plaintiff believes Defendants lied to the Court in the 2005 suit.

Plaintiff sues for a violation of due process, federal perjury, state law breach of contract, state law malpractice, and alleges Defendants' actions constituted attempted murder. Plaintiff requests the Court appoint him a lawyer if the Court does not award him benefits.

## II. PROCEDURAL HISTORY

Pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Deavers conducted an

---

[1] As noted in the Report and Recommendation, it is proper for the Court to take judicial notice of the proceedings in the prior case pursuant to Rule 201(c) of the Federal Rules of Evidence. Report Recom. 2 n.1, ECF No. 4.

[2] Initially, Plaintiff did not sue any individuals. The defendant entities filed motions to dismiss based on, *inter alia*, sovereign immunity. The Court's September 27, 2006 Opinion and Order dismissed all of Plaintiff's claims but gave Plaintiff leave to file an amended complaint to seek equitable relief against individual state officials in their official capacities for violations of the ADEA, FMLA, and § 1981, as permitted by *Ex parte Young*, 209 U.S. 123 (1908). Opinion and Order, ECF No. 21 (case no. 2:05–cv–894).

[3] The case was referred to Magistrate Judge Kemp by consent of the parties. Order Referral, ECF No. 27 (case no. 2:05–cv–894).

[4] Plaintiff appealed *pro se*, and the Court of Appeals for the Sixth Circuit upheld the Court's entry of summary judgment. Order, ECF No. 59 (case no. 2:05–cv–894).

initial screening of the case and issued a Report and Recommendation. The Report and Recommendation recommends dismissing Plaintiff's federal claims for failure to state a claim and declining to exercise supplemental jurisdiction over any state law claims. Report Recom. 4, ECF No. 2. Plaintiff filed objections and exhibits to the Report and Recommendation, in which he attempts to cure the deficiencies. Obj., ECF No. 6.

### III. ANALYSIS

The Court reviews *de novo* those portions of the Report and Recommendation that were properly objected to. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(3).

In his first claim, Plaintiff stated in his Complaint that his due process rights were violated. He alleged his lawyer lied to the Court and sabotaged the 2005 suit. Plaintiff asserted that after Judge Sargus permitted Plaintiff to file an Amended Complaint, "Parker change [sic] and state lawyers paid him and start [sic] telling him what to file." Compl. 4, ECF No. 3. In addition, he averred Parker refused to appeal the grant of summary judgment in the 2005 suit and refused to give him his files back until the Supreme Court of Ohio's Disciplinary Counsel ordered Parker to do so. *Id.* Magistrate Judge Deaver's Report and Recommendation found that these allegations failed to state a claim.

Plaintiff provided additional factual allegations in his objections to attempt to cure the defect and satisfy the pleading requirements. However, "a complaint subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2) and/or 1915A must be evaluated as of the time of filing . . . ." *Watley v. Wilkinson*, No. C2–02–479, 2002 WL 31409857, at *1 (S.D. Ohio July 16, 2002). The Court therefore cannot consider any of the additional

factual allegations and must consider whether the Complaint, as filed, stated a claim. Watley, 2002 WL 31409857, at *1 ("the Court may not consider any of its additional factual or legal arguments in considering whether to adopt the Report and Recommendation's conclusion that the initial complaint failed to state any valid claim.").

The Court agrees the allegations in the Complaint fail to state a claim for lack of factual support. Even if true, the allegations in the Complaint do not amount to due process violations.

In his second claim, Plaintiff stated in his Complaint that Defendants "lied in federal court" and the Court of Claims of Ohio. Compl. 4, ECF No. 3. Magistrate Judge Deavers construed the allegation as a claim of perjury and correctly noted the allegation is insufficient to state a claim and, regardless of the factual averments, "there is no cognizable civil cause of action for perjury." Report Recom. 5, ECF No. 4 (citing cases).

In his objections, Plaintiff again offered additional facts and attempted to re-frame the claim as one of fraud rather than perjury. As discussed above, Plaintiff cannot cure the failure to state a claim by alleging additional facts or re-framing the claim in his objections. Watley, 2002 WL 31409857, at *1. Plaintiff's objections do not identify any legal deficiencies in the Report and Recommendation's conclusion, and the Court sees none. Therefore, the Court agrees Plaintiff failed to state a claim for perjury.

Plaintiff did not object to the Report and Recommendation's conclusion that the Court should decline to exercise supplemental jurisdiction over his state law claims. Plaintiff thereby waived any further review of the issue by this Court or on appeal. Martin v. LaBelle, 7 F. App'x 492, 494 (6th Cir. 2001).

Finally, Plaintiff requests the Court appoint him a lawyer to help him determine

which of his civil rights have been violated. "Appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances." *Noel v. Guerrero*, Nos. 11–1972, 11–2024, 11–2029, 2012 WL 1522870, at *3 (6th Cir. May 1, 2012) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). No such exceptional circumstances exist here, and Plaintiff's request is denied.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim for any federal causes of action, and the Court declines to exercise jurisdiction over any state claims. The Court, therefore, **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** the Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). The Clerk shall terminate the case.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**